**IN THE UNITED STATES DISTRICT COURT**

**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **RICKEY BRANDON WALLACE,** | ) | |
| | ) | |
| **Petitioner/Defendant,** | ) | |
| | ) | **CIVIL NO. 08-cv-085-WDS** |
| **vs.** | ) | |
| | ) | **CRIMINAL NO. 97-cr-30006** |
| **UNITED STATES of AMERICA ,** | ) | |
| | ) | |
| **Respondent/Plaintiff.** | ) | |

**MEMORANDUM AND ORDER**

**STIEHL, District Judge:**

This matter is before the Court on Petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence

**BACKGROUND**

Pursuant to plea agreement and stipulation of fact, Petitioner pleaded guilty to conspiracy to distribute marijuana; he was sentenced to 240 months imprisonment, five years supervised release, a fine of $4500, and a special assessment of $50. On appeal, he challenged the court's denial of his motion to withdraw his guilty plea; he also challenged the length of his sentence. *United States v. Wallace*, 276 F.3d 360 (7th Cir.), *cert. denied*, 122 S.Ct. 2592 (2002). Each of these arguments was rejected; his conviction and sentence were affirmed. *Id.* at 370.

Petitioner next challenged his sentence in a motion under 28 U.S.C. § 2255. In that motion, he once again challenged the length of his sentence, relying on the principles set forth in *Apprendi v. New Jersey*, 120 S.Ct. 2348 (2000). However, as explained by this Court, that argument had already been rejected on direct appeal; thus, the motion was denied. *Wallace v. United States*, Case

No. 03-cv-251-WDS (S.D. Ill., filed April 22, 2003). Now before the Court is a new § 2255 motion.

For the numerous reasons set forth below, the motion is denied.

## SECOND/SUCCESSIVE PETITION

Section 2255 provides that:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain–
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

Thus, only the Seventh Circuit Court of Appeals may authorize the commencement of a second or successive petition.

> Unlike the former standard, under which a second petition could be pursued unless the government established that it was an abuse of the writ, *see McCleskey v. Zant,* 499 U.S. 467, 477, 494-5, 111 S.Ct. 1454, 1461, 1470-71, 113 L.Ed.2d 517 (1991), the new prior-approval device is self-executing. From the district court's perspective, it is the allocation of subject-matter jurisdiction to the court of appeals. A district court *must* dismiss a second or successive petition, without awaiting any response from the government, unless the court of appeals has given approval for its filing. Even an explicit consent by the government to beginning the case in the district court would be ineffectual; the power to authorize its commencement does not reside in either the district court or the executive branch of government. A second or successive collateral attack may no more begin in the district court than a criminal prosecution may commence in the court of appeals.

*Nunez v. United States,* 96 F.3d 990, 991 (7th Cir. 1996); *Roldan v. United States,* 96 F.3d 1013, 1014

(7th Cir. 1996). Because there is nothing in the record to establish that Petitioner has sought and

obtained a certification from the Seventh Circuit Court of Appeals to pursue this second motion

under § 2255, this court is without jurisdiction to entertain the motion.

## STATUTE OF LIMITATIONS

In addition to restricting successive petitions, § 2255 also provides that

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

"[F]or federal criminal defendants who do not file a petition for certiorari with [the Supreme] Court on direct review, § 2255's one-year limitation period starts to run when the time for seeking such review expires." *Clay v. United States*, 537 U.S. 522, 525, 123 S.Ct. 1072, 1079 (2003). *See* Supreme Court Rule 13 ("a petition for writ of certiorari to review a judgment in any case, civil or criminal, . . . , is timely when it is filed with the Clerk within 90 days after entry of the order denying discretionary review.").

In the instant case, the Supreme Court denied certiorari on June 17, 2002. *Wallace v. United States*, 122 S.Ct. 2592 (2002). Therefore, for purposes of § 2255, Petitioner's conviction became final in June 2002, but this motion was not filed until February 2008, almost five years too late. Therefore, the motion is barred by the statute of limitations, and this Court lacks jurisdiction to

entertain the motion.

<u>**LACK OF MERIT**</u>

In this motion, Petitioner asserts that this Court abused its discretion by granting the Bureau of Prisons the authority to set installment payments for collection of the fine imposed as part of his sentence. However, when a district court orders immediate payment of a fine, it is not an impermissible delegation for prison authorities to set the payment schedule. *McGhee v. Clark*, 166 F.3d 884, 886 (7th Cir. 1999). *Id.* at 886. Ordering immediate payment is not an improper delegation, because "such directives generally are interpreted to require not immediate payment in full but 'payment to the extent that the defendant can make it in good faith, beginning immediately.' " *Id.* (quoting *United States v. Jaroszenko,* 92 F.3d 486, 492 (7th Cir. 1996)). Thus, an order that restitution be paid "in full immediately" does not preclude the BOP through the IFRP from ensuring that a defendant makes good-faith progress toward satisfying his debt. *McGhee,* 166 F.3d at 886.

**CONCLUSION**

As discussed above, Petitioner is not entitled to relief under Section 2255 of Title 28. Accordingly, Petitioner's Motion to Vacate, Set Aside or Correct Sentence is **DENIED**, and this action is **DISMISSED** with prejudice.

**IT IS SO ORDERED.**

**DATED: December 1, 2008.**

s/ **WILLIAM D. STIEHL**
**DISTRICT JUDGE**
